IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RON B. LIGHTSEY,** | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE NO. |
| v. | : 1:04-CV-3110-ODE |
| | : |
| **JOHN E. POTTER,** | : |
| Postmaster General, | : [Magistrate Judge Baverman] |
| | : |
| Defendant.[1] | : |

## ORDER AND OPINION

Before the Court are Plaintiff's Motion to Compel Discovery, [Doc. 41], Plaintiff's Amended Motion to Compel Discovery, [Doc. 43], Defendant's First Motion for an Extension of Time to File a Motion for Summary Judgment, [Doc. 45], and Plaintiff's Motion to File Affidavit, [Doc. 47]. For the reasons set forth herein, the undersigned: (1) **DENIES AS MOOT** Plaintiff's Motion to Compel Discovery, [Doc. 41], and Plaintiff's Motion to File Affidavit, [Doc. 47]; (2) **GRANTS** Defendant's Motion for an Extension of Time to File its Motion for Summary Judgment, [Doc. 45],

---

[1] Defendant George Depietropolo was terminated from the case on March 7, 2006. [*See* Doc. 25].

AO 72A
(Rev.8/82)

and (3) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Amended Motion to Compel Discovery, [Doc. 43].

## I.     INTRODUCTION

On October 22, 2004, Ron B. Lightsey, an African-American male proceeding *pro se*, filed a civil complaint, which he then amended, against John E. Potter, Postmaster, and George Depietropolo, a human resources manager with the United States Postal Service ("USPS"), alleging sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"). [Docs. 1, 5].  The District Court dismissed Depietropolo and Potter in their individual capacities, but otherwise permitted Plaintiff's Title VII gender discrimination claim to proceed against Potter in his official capacity. [Docs. 23, 25].  Defendant answered on March 21, 2006, so that the discovery deadline was set for August 18, 2006. [Doc. 26]. This Court extended discovery until August 28, 2006. [Dkt. Entry dated Aug. 16, 2006].  The parties then filed a series of motions beginning on August 28, 2006, which the Court considers in turn.

## II. PARTIES' MOTIONS

### A. *Plaintiff's August 28, 2006, Motion to Compel, [Doc. 41]*

Plaintiff has filed a motion to compel discovery because he contends that he did not receive his requested discovery on August 28, 2006, the last day of discovery. [Doc. 41]. Defendant objects to the motion to compel because: (1) Plaintiff did not comply with Local Rule 37.1; and (2) Defendant fully complied with Plaintiff's discovery request by serving the requested discovery on August 28. [Doc. 42].

The Court **DENIES AS MOOT** Plaintiff's August 28 motion to compel because Defendant served Plaintiff with responses to his discovery requests on August 28. [Docs. 37-39].

### B. *Plaintiff's September 6, 2006, Amended Motion to Compel, [Doc. 43]*

Plaintiff has filed his amended motion to compel on September 6 because Defendant's response to his discovery requests are "unacceptable." [Doc. 43 at 1]. Specifically, Plaintiff first argues that no information on the PS Forms 50 should be redacted. [Doc. 43 at 6]. As an example, Plaintiff notes that Defendant redacted the social security numbers on all but one PS Form 50 that Defendant provided. [*Id.*]. Second, Plaintiff contends that Defendant should have provided him with those

3

PS Forms 50 for the female comparators[2] before and after August 2003, which demonstrate whether the female comparators were converted to regular full time employees. [Doc. 43 at 9-10]. Third, Plaintiff argues that he should be provided PS Forms 50 for 2004 because he needs to see if the female comparators became supervisors or worked in the finance department in 2004, which will also show whether the females were regular employees or were reassigned as part time flexible employees. [*Id.* at 11, 15]. Fourth, Plaintiff seeks the title of the position that each female comparator held and whether they were regular or part-time employees. [*Id.* at 14].

Defendant first responds that information in the 2004 PS Forms 50 are not relevant to Plaintiff's claims because Plaintiff's civil action only encompasses claims on or before August 1, 2003, since he alleged that Defendant discriminated against him when he discovered on August 1, 2003, that female employees were promoted or converted to regular mail processors. [Doc. 46 at 4-5]. Defendant next argues that Plaintiff is not entitled to certain redacted private and confidential information such as social security numbers and TSP, retirement, and life insurance information. [*Id.* at 5-

---

[2] These female comparators are Anita (Niki) Hand, Rosa Caldwell, Jacqueline Hodges, and Constance Salters. [Doc. 43 at 4].

7]. Defendant contends that none of this private information is relevant to Plaintiff's Title VII claim. [*Id.* at 6-7].

Plaintiff replies that he needs the social security numbers because otherwise he will not know if Defendant is providing truthful information. [Docs. 48 at 2, 49 at 2]. Plaintiff also argues that if some of the female comparators were promoted in late July 2003, it may be possible that PS Forms 50 after August 1, 2003, would show these promotions. [*Id.*]. Plaintiff further argues that in his civil complaint, he alleged that the USPS began to promote females to supervisor positions, giving them higher pay in 2004, rendering his discovery request for the 2004 PS Forms 50 relevant. He also contends that the 2004 PS Forms 50 will definitively indicate whether the female comparators were regular employees, part-time flexible employees, or supervisors. [Docs. 48 at 3, 49 at 3].

During the discovery period, "[p]arties may obtain discovery regarding any matter . . . that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). A court may limit discovery where a party seeks confidential information. *See Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (The party resisting

5

discovery has "the initial burden of showing that the information is confidential."). Therefore, "discovery in Title VII cases is 'not without limits. The information sought must be relevant and not overly burdensome to the responding party.'" *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1205 (11th Cir. 2003) (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)).

If a party does not respond to discovery requests, the requesting party may move for an order under Rule 37(a). FED. R. CIV. P. 34(b). Under FED. R. CIV. P. 37(a), a party may move to compel a party to respond to a document request if a party fails to respond. *See* FED. R. CIV. P. 37(a)(2)(B). "The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information." Once the non-movant meets this burden, the moving party has the burden of showing that the information is relevant and necessary. *Gober*, 197 F.R.D. at 521 (M.D. Fla. 2000); *see also Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006) ("The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.").

6

The Court first concludes that Plaintiff is not entitled to the redacted information on the PS Forms 50 that Defendant produced to him. Plaintiff specifically complains about the redaction of social security numbers and asserts that these numbers are necessary to verify that the information on the PS Forms 50 are truthful. This argument fails to address why these private and confidential numbers are relevant to Plaintiff's claims. As a result, the Court concludes that Plaintiff is not entitled to these social security numbers because this information is private and confidential and the information is not relevant to Plaintiff's Title VII claims. *See McDougal-Wilson v. Goodyear Tire and Rubber Co.*, 232 F.R.D. 246, 252 (E.D.N.C. 2005) (indicating that the employer "legitimately redacted social security numbers from documents it produced out of concern for its employees' and former employees' privacy"); *Scaife v. Boenne*, 191 F.R.D. 590, 592 (N.D. Ind. 2000) (prohibiting the release of social security number in discovery because it was not relevant).[3]

The Court next concludes that Defendant must provide the PS Forms 50 for the female comparators from August 1, 2003, through December 31, 2004. Although

---

[3] Plaintiff only argues that Defendant impermissibly redacted social security numbers. To the extent that he also meant to contest Defendant's redaction of other personal information such as TSP, retirement, and life insurance information, the Court rejects this argument because this information is not relevant to his Title VII failure to promote claim.

Plaintiff's Title VII discrimination claim may only encompass a failure to promote claim for events ending on August 1, 2003, this does not limit discovery to only those events that occurred prior to August 1.  Case law permits a party to discover information after the alleged act of discrimination.  *See Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 & n.29 (D. Kan. 2004) (citing cases and stating that "discovery of information both before *and after* the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to *and following* such period") (emphasis added). This case law discredits Defendant's argument that discovery should not continue past August 1, 2003, because any information subsequent to this date is automatically irrelevant.  Defendant has not met its burden of providing any other arguments suggesting why the PS Forms 50 generated after August 1, 2003, and for the year 2004 are irrelevant. Instead, as Plaintiff explains, the information might have some relevance as it will definitively show the work status of the comparators following their alleged

promotions, especially those comparators who may have been promoted in late July 2003.[4]

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's amended motion to compel. Defendant **SHALL** provide the PS Forms 50 for Anita (Niki) Hand, Rosa Caldwell, Jacqueline Hodges, and Constance Salters for the period August 1, 2003, through December 31, 2004. Defendant **SHALL** serve this information on Plaintiff on or before October 25, 2006. Defendant is permitted, however, to redact personal information such as social security numbers and TSP, retirement, and life insurance information.

C.   *Defendant's Motions for an Extension of Time, [Doc. 45]*

Defendant seeks until October 20, 2006, to file its motion for summary judgment, nearly one month later than the original September 18, 2006, deadline. Defendant claims that it needs additional time to review pertinent documents and coordinate review of the motion with the USPS. [Doc. 45]. Plaintiff does not oppose this request

---

[4] The Court believes that this determination covers Plaintiff's argument that he is entitled to know the positions of the female comparators. To the extent that this information has been redacted, Plaintiff is entitled to know the positions of his female comparators because it is relevant to his claim that female employees were promoted to regular mail processors.

so long as he too is given an extension of time to respond to Defendant's motion for summary judgment. [Doc. 48 at 4].

The Court **GRANTS** Defendant's motion for an extensions of time to file its motion for summary judgment. Defendant shall have until October 20, 2006, to file a motion for summary judgment. Plaintiff shall then have until November 20, 2005, to file his response to Defendant's motion for summary judgment. Thereafter, Defendant shall comply with the Local Rules for filing a reply to Plaintiff's response. *See* N.D. Ga. L.R. 7.1C ("A reply by the movant shall be permitted, but it is not necessary for the movant to file a reply as a routine practice. . . . [T]he reply must be served not later than ten (10) days after service of the responsive pleading.").

*D.     Plaintiff's Motion to File Affidavit, [Doc. 47]*

Plaintiff seeks this Court's permission to file an affidavit that attests to the fact that Plaintiff submitted a certification of conferral with his August 28, 2006, motion to compel. [Doc. 47].

The Court has not decided Plaintiff's August 28, 2006, motion to compel on the basis of whether Plaintiff submitted a certification that he conferred with opposing counsel before filing his motion to compel. Instead, as discussed above, the Court denied as moot the August 28 motion to compel because Defendant served by mail its

10

AO 72A
(Rev.8/82)

responses to Plaintiff's discovery requests on August 28. As a result, Plaintiff need not file an affidavit swearing that he attached a certification of conferral with this August 28 motion to compel. Accordingly, the Court also **DENIES AS MOOT** Plaintiff's motion to file an affidavit.

## VI.   CONCLUSION

For the foregoing reasons, the undersigned **DENIES AS MOOT** Plaintiff's Motion to Compel Discovery, [Doc. 41], and Plaintiff's Motion to File Affidavit, [Doc. 47]. Also, the undersigned **GRANTS** Defendant's Motion for an Extension of Time to File its Motion for Summary Judgment, [Doc. 45], such that Defendant has until October 20, 2006, to file its motion. Finally, the undersigned **GRANTS IN PART AND DENIES IN PART** Plaintiff's Amended Motion to Compel Discovery, [Doc. 43]. Defendant **SHALL** serve the PS Forms 50 for the period August 1, 2003, through December 31, 2004, of the four female comparators on or before October 25, 2006.

**IT IS SO ORDERED**, this the 12th day of October, 2006.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

11