IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RON B. LIGHTSEY,** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO. |
| v. : | 1:04-CV-3110-ODE |
| : | |
| **JOHN E. POTTER,** : | |
| Postmaster General, : | [Magistrate Judge Baverman] |
| : | |
| Defendant.[1] : | |

## ORDER AND OPINION

Before the Court are Plaintiff's Motion for Sanctions for Failure to Comply with an Order, [Doc. 57], Plaintiff's Amended Motion for Sanctions for Failure to Comply with an Order, [Doc. 62], and Defendant's Motion to Strike Plaintiff's Responses Filed in Support of his Motion for Sanctions, [Doc. 65]. For the reasons set forth herein, the undersigned: (1) **DENIES** Plaintiff's Motion for Sanctions, [Doc. 57]; (2) **DENIES** Plaintiff's Amended Motion for Sanctions, [Doc. 62]; and (3) **DENIES IN PART AND GRANTS IN PART** Defendant's Motion to Strike, [Doc. 65].

---

[1] Defendant George Depietropolo was terminated from the case on March 7, 2006, and Plaintiff's claim against Defendant Potter in his individual capacity was dismissed on this same day. [*See* Doc. 25].

## I. INTRODUCTION

On October 22, 2004, Ron B. Lightsey, proceeding *pro se*, filed a civil complaint, which he then amended, against John E. Potter, Postmaster, and George Depietropolo, a human resources manager with the United States Postal Service ("USPS"), alleging sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"). [Docs. 1, 5]. The District Court dismissed Depietropolo and Potter in their individual capacities, but otherwise permitted Plaintiff's Title VII gender discrimination claim to proceed against Potter in his official capacity. [Docs. 23, 25].

Following discovery, Plaintiff filed an amended motion to compel on September 6, 2006, [Doc. 43], which the undersigned granted in part and denied in part on October 12, [Doc. 50]. In the October 12 order, the Court directed that on or before October 25, 2006, Defendant provide the PS Forms 50 for Anita (Niki) Hand, Rosa Caldwell, Jacqueline Hodges, and Constance Salters for the period August 1, 2003, through December 31, 2004, but allowed Defendant to redact personal information such as social security numbers and TSP, retirement, and life insurance information. [Doc. 50 at 9].

AO 72A
(Rev.8/82)

On October 25, Defendant filed a certificate of service indicating that he served Plaintiff with supplemental responses to Plaintiff's August 1, 2006, discovery request. [Doc. 52]. Plaintiff then filed a motion for sanctions on October 30, 2006, indicating that Defendant did not comply with the undersigned's October 12 order. [Doc. 57]. On November 6, Defendant served Plaintiff with his second supplemental responses to Plaintiff's August 1 discovery request. [Doc. 58].

Defendant then filed a motion in opposition to Plaintiff's motion for sanctions on November 9. [Doc. 61]. On this same day, Plaintiff filed an amended motion for sanctions in which he alleged that Defendant failed to comply with this Court's October 12 order. [Doc. 62]. On November 14, 2006, Plaintiff filed a response in support of the amended motion for sanctions. [Doc. 63]. Plaintiff then filed a reply to Defendant's response in opposition to the motion for sanctions on November 16. [Doc. 64]. Defendant moved to strike Plaintiff's November 14 motion in support and Plaintiff's November 16 reply. [Doc. 65]. Plaintiff responded to the motion to strike on December 7. [Doc. 66]. The Court now turns to the motion for sanctions, the amended motion for sanctions, and the motion to strike.

## II.   PARTIES' MOTIONS

### A.   *Defendant's Motion to Strike [Doc. 65]*

Defendant argues that Plaintiff's Amended Motion for Sanctions filed November 9 should be construed as a reply brief because it addresses Defendant's argues in opposition to the October 30 motion for sanctions. [Doc. 65-2 at 2]. Defendant then argues that because Plaintiff filed two additional reply briefs on November 14 and November 16 without this Court's permission, these replies should be stricken. Defendant also contends that because Plaintiff made allegations that Defendant was trying to hide the conversion of Salters and Caldwell to full-time positions without supporting affidavits, the supplemental pleading should be stricken. [Doc. 65-2 at 2-3].

Plaintiff responds that the motion to strike is unwarranted. He claims that his November 9 amended motion for sanctions was not a reply brief because he was not aware that Defendant had filed a response to his initial motion for sanctions on this same day. [Doc. 66].

The Court strikes Plaintiff's November 14 Brief in Support of Plaintiff's Amended Motion for Sanctions, but will consider Plaintiff's November 16 reply brief. This Court's local rules provide:

4

> Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law.

N.D. Ga. L.R. 7.1A(1). Once a party files a motion, the opposing party must file a response within 10 days of service. N.D. Ga. L.R. 7.1B. Once the opposing party files a response to a motion, the moving party may file a reply. N.D. Ga. L.R. 7.1C.

The Court agrees with Plaintiff that his November 9 Amended Motion for Sanctions should not be construed as a reply to Defendant's November 9 response to Plaintiff's initial motion for sanctions. Plaintiff's Amended Motion responds to Defendant's supplemental filing of discovery on November 6, not to Defendant's November 9 response to the initial motion for sanctions. As a result, the Court does not construe the amended motion as a reply brief. As such, the Court concludes that Plaintiff's November 16 brief is a reply to Defendant's November 9 response and, therefore, will be considered as Plaintiff's reply brief. *See* N.D. Ga. L.R. 7.1C.

The Court finds, however, that Plaintiff's November 14 brief in support of his November 9 amended motion for sanctions should be stricken. Plaintiff was entitled to file a brief in support of his amended motion for sanctions, but the brief should have been filed with his amended motion. *See* N.D. Ga. L.R. 7.1A(1) (requiring a brief in

5

support to accompany a motion). Instead, Plaintiff waited five days or until November 14 to file a brief in support of his November 9 amended motion. As a result, the Court **STRIKES** the November 14 brief.[2]

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to strike, [Doc. 65]. Plaintiff's November 14 brief in support is **STRICKEN**.

    B.    *Plaintiff's Motions for Sanctions [Docs. 57, 62]*

        1.    Facts

On October 12, 2006, the undersigned ordered Defendant to produce on or before October 25, 2006, the PS Forms 50 for Anita (Niki) Hand, Rosa Caldwell, Jacqueline Hodges, and Constance Salters for the period August 1, 2003, through December 31, 2004. [Doc. 50]. Defendant served Plaintiff with three PS Forms 50 on October 25: (1) an August 2003 PS Form 50 for Caldwell; (2) an October 2003 PS Form 50 for Hand; and (3) a June 2004 PS Form 50 for Hand. (Hughes Decl. ¶ 7 at Doc. 61-2). [Doc. 52].

---

    [2] Although Plaintiff is proceeding *pro se*, he still has a duty to comply with this Court's Local Rules. *See, e.g.*, *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that *pro se* litigant must comply with procedural rule); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989) (noting that *pro se* litigants are "subject to the relevant law and rules of court").

On October 29, Plaintiff informed defense counsel that she had not produced all PS Forms 50 required by this Court's October 12 order. (Hughes Decl. ¶ 8). Defense counsel then contacted the USPS to determine whether she had received all of the required PS Forms 50, and the USPS resent all PS Forms 50 for the four comparators. (*Id.* ¶¶ 10-11). In reviewing these resent PS Forms 50, defense counsel discovered that the USPS had provided four new PS Forms 50 not previously disclosed: (1) a March 2004 PS Form 50 for Salters; (2) an April 2004 PS Form 50 for Caldwell; (3) a December 2004 PS Form 50 for Salters; and (4) a December 2004 PS Form 50 for Caldwell. (*Id.* ¶¶ 12, 15). These PS Forms 50 were inadvertently omitted from the previously sent batch of PS Forms 50 due to the large volume of documents that were pulled and faxed to defense counsel in June 2006. (*Id.* ¶ 14). Defendant then sent these four new PS Forms 50 to Plaintiff on November 6, 2006. (*Id.* ¶ 16). [Doc. 58].

    2.    *Discussion*

        a.    *Plaintiff's October 30, 2006, Motion for Sanctions [Doc. 57]*

Plaintiff seeks sanctions under FED. R. CIV. P. 37(b)(2) because Defendant did not fully comply with this Court's October 12 order by failing to provide any PS Forms 50 for Hodges or Salters. Plaintiff states that although he received a PS Form 50 processed on August 6, 2003, for Caldwell he should have received another PS Form

7

50 because he knew that Caldwell was due to receive a step increase in September 2004. Plaintiff further states that the USPS produced more than one PS Form 50 for these individuals in the years 2003 and 2004 because they were promoted during this time, which would have been reflected by a PS Form 50. Plaintiff notes that the stress of trying to obtain the PS Forms 50 is taking an emotional toll on him. Plaintiff then asks the Court to grant him just and proper relief but recommends a weekly fine of $20,000 that increases by $20,000 each week. Plaintiff also asks for a stay of Defendant's motion for summary judgment until he complies with the October 12 order and more time to respond to Defendant's motion for summary judgment.[3] [Doc. 57].

Defendant responds that he has complied with the Court's October 12 order by producing all documents required by the Court order by November 6, 2006. [Doc. 61 at 6]. Defendant contends that although he did not produce all document by October 25 as required by this Court's order, he promptly produced all PS Forms 50 by November 6, 2006, once Plaintiff informed defense counsel that more PS Forms 50 existed. [*Id.* at 6-7]. Defendant argues that this week-and-a-half delay did not prejudice Plaintiff, and Defendant consents to Plaintiff's request for more time to

---

[3] The Court extended Plaintiff's time to respond to Defendant's motion for summary judgment until December 8, 2006. [*See* Dkt. Entry dated Nov. 13, 2006].

8

respond to the motion for summary judgment. [*Id.* at 8-9]. Defendant finally argues that Plaintiff's demand of a $20,000 weekly fine is unreasonable because his actions were not egregious and Plaintiff has not shown any prejudice in the delayed response. [*Id.* at 9-10].

Federal Rule of Civil Procedure 37(b) states that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially justified. FED. R. CIV. P. 37(b)(2). To comply with the Due Process Clause of the Fifth Amendment, "a court must impose sanctions that are both 'just' and 'specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1151 (11th Cir. 2006) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)).

The Court concludes that sanctions are not warranted even though Defendant admits that he did not timely comply with this Court's October 12 order. [Doc. 6]. Plaintiff requests three sanctions: additional time to respond to summary judgment; a stay of summary judgment until Defendant complies with the October 12 order; and a weekly $20,000 fine that increases by $20,000 each week. The Court discusses each sanction request in turn and whether Plaintiff is entitled to expenses under Rule 37(b)(2).

As for the extension, the Court finds this request is moot because the Court has granted such an extension by giving Plaintiff until December 8, 2006, to respond to Defendant's motion for summary judgment. [*See* Dkt. Entry dated Nov. 13, 2006]. The Court finds that a stay of summary judgment would also be moot because Defendant complied with this Court's order on November 6.

As for the monetary sanctions, the Court concludes that such a sanction would be unreasonable. The Eleventh Circuit has stated that "[t]he magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985). A court can impose sanctions for the purpose of "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling

discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Id.* Plaintiff has not explained why a weekly fine of $20,000, which increases by $20,000 per week is reasonable in light of the circumstances of the case. The Court understands that Plaintiff is frustrated that Defendant failed to provide his requested discovery on time, but this frustration does not warrant such a large fine. Also, the Court cannot explain how such a large fine would be reasonable under the circumstances because Defendant has shown that he complied with the Court's order within a week and a half of the Court's October 25 deadline. A weekly $20,000 fine is therefore inappropriate.

Finally, the Court recognizes that Rule 37(b) requires the payment of reasonable expenses caused by a failure to obey the court order. Although Plaintiff did not request such expenses, this sanction requires the court to award them unless Defendant shows that the failure was justified or circumstances make the award of expenses unjust. *See* FED. R. CIV. P. 37(b)(2) ("[T]he court *shall* require the party failing to obey the order . . . to pay the reasonable expenses . . . unless . . . the failure was substantially justified . . . .") (emphasis added); *See* FED. R. CIV. P. 37 advisory committee notes (1970) (indicating that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). A *pro se* party may be awarded expenses under Rule 37. *See Walker*

11

*v. Tri-Tech Planning Consultants, Inc.*, 149 F.R.D. 22, 22 (E.D.N.Y. 1993) ("This Court is not aware of any authority or principle of law which prevents *pro se* litigants from recovering their expenses in a Rule 37 motion."). Although the Court does not approve of a party disobeying its orders, the Court finds that the sanction of expenses is not appropriate because circumstances would make an award of expenses unjust. The evidence before the Court shows that Defendant's violation was inadvertent and mistaken and Defendant quickly complied with the order once he determined that he had not fully complied with the Court's order by serving Plaintiff with the additional PS Forms 50 on November 6, one-and-a-half weeks after the Court's deadline. (*See* Hughes Decl. ¶¶ 10-16).

Accordingly, the Court **DENIES** Plaintiff's October 30 motion for sanctions, [Doc. 57].

> b. *Plaintiff's November 9, 2006, Amended Motion for Sanctions [Doc. 62]*

In the amended motion for sanctions, Plaintiff contends that Defendant did not fully comply with the Court's October 12 order. Plaintiff states that Hand became a full-time employee in 2000, Vince Hogan told Plaintiff about "females making regular on August 1, 2003," and Plaintiff noticed that Salters and Caldwell's work hours

12

indicated that they became regular employees. As a result, Plaintiff appears to contend that he should have received PS Forms 50 reflecting these changes. Plaintiff also contends that Defendant did not provide him with all PS Forms 50 because he knows that the USPS generated PS Forms 50 for Caldwell and Salters between August 1, 2003, and December 31, 2003. Instead, Plaintiff states that Defendant only provided forms generated in 2004. Finally, Plaintiff states that he does not trust the information coming from the Atlanta district postal service or the PS Forms 50 that he has received, and he appears to argue that he should receive PS Forms 50 directly from either Eagan, Minnesota, St. Louis, Missouri, or the USPS Shared Services Division in North Carolina. Plaintiff asks for the following sanctions: (1) a weekly fine of $20,000 that increases every week by $20,000; (2) a temporary stay of Defendant's motion for summary judgment until Defendant complies with the October 12 order; and (3) more time to respond to the motion for summary judgment. [Doc. 62].

The Court **DENIES** Plaintiff's November 9 Amended Motion for Sanctions. First, the Court does not understand Plaintiff's argument about Hand becoming a regular employee in 2000. Plaintiff may be arguing that Defendant has not provided valid PS Forms 50 for Hand because he received PS Forms 50 after 2000 that reflected that Hand was no longer designated as a regular employee. To the extent that Plaintiff

13

is making this argument, the Court is not persuaded because he has not provided these later PS Forms 50 to the Court. The Court knows that Plaintiff is capable of attaching the PS Forms 50 that he deems relevant because he has attached Hand's October 21, 2000, PS Form 50 to his amended motion for sanctions. Thus, the Court is unpersuaded by Plaintiff's argument that Hand became a regular employee in 2000.

Second, the Court is also unpersuaded by Plaintiff's argument that Defendant should have produced PS Forms 50 in 2003 showing that Salters and Caldwell became regular employees in August 2003 because Hogan told Plaintiff that Salters and Caldwell became regular employees. The basis for Plaintiff's argument that PS Forms 50 exist is Hogan's statement to Plaintiff that Caldwell and Salters became regular employees. The Court finds this allegation of fact insufficient to grant sanctions. Under this Court's Local Rules, "If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." N.D. Ga. L.R. 7.1A(1). Plaintiff has failed to provide an affidavit from Vince Hogan attesting to the fact that Caldwell and Salters became regular employees in August 2003. Without an affidavit from Hogan, the Court cannot conclude that Defendant, contrary to this Court's order, is withholding PS Forms 50 for Caldwell and Salters after August 2003 because Plaintiff has merely provided this Court with an allegation, not a piece of evidence, that

14

they became regular employees after August 2003. The Court cannot grant sanctions on the basis of unsworn allegations. *See Mackler Productions, Inc. v. Cohen*, 225 F.3d 136, 146 (2d Cir. 2000) (remanding case to the district court where court based a sanction award on unsworn assertions).

Third, as for Plaintiff's statement that he knows Defendant is withholding PS Forms 50 for Caldwell and Salters between August 1 and December 31, 2003, the Court is not persuaded by this argument. Plaintiff does not explain why he knows that Defendant is withholding PS Forms 50 for Caldwell and Salters, nor does he provide the Court with any evidence to conclude that such forms are being withheld. The Court cannot rely on Plaintiff's unexplained and conclusory allegation that he knows more PS Forms 50 exist. *See Ware v. United States*, 154 F.R.D. 291, 293 (M.D. Fla. 1994) (refusing to grant sanctions because plaintiff had not provided "specific notice of reasons sufficient for [the Court] to consider imposing sanctions; conclusory statements are not enough"); *Beltran v. Brentwood North Healthcare Center, LLC*, 426 F. Supp. 2d 827, 832 n.3 (N.D. Ill. 2006) (indicating that "the court would not be inclined to award such sanctions based on plaintiffs' conclusory assertions").

Finally, the same problems arise from Plaintiff's statements that he does not believe the PS Forms 50 provided to him and he does not trust the information from the

15

Atlanta district USPS. Plaintiff does not provide the Court with any evidence to show that he has received fabricated PS Forms 50. Likewise, Plaintiff claims that the individuals who provide information at the Atlanta district USPS are either people against whom he has filed EEO complaints or people related to individuals against whom he has filed EEO complaints. Plaintiff fails to identify these individuals, and he fails to show that these individuals are responsible for providing the PS Forms 50 that he requests. The Court cannot grant sanctions without evidence and with only conclusory allegations.

Because Plaintiff has not supported any of his arguments with evidence indicating that Defendant has withheld PS Forms 50, the Court cannot grant sanctions. Accordingly, the Court **DENIES** Plaintiff's amended motion for sanctions.

### III.   CONCLUSION

For the foregoing reasons, the undersigned:

(1) **DENIES** Plaintiff's Motion for Sanctions, [Doc. 57];

(2) **DENIES** Plaintiff's Amended Motion for Sanctions, [Doc. 62]; and

(3) **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Strike, [Doc. 65].

The Clerk is **DIRECTED to STRIKE** Plaintiff's November 14, 2006, Brief in Support of Plaintiff's Amended Motion for Sanctions, [Doc. 63].

**IT IS SO ORDERED AND DIRECTED**, this the 22nd day of December, 2006.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**